# **EXHIBIT A**

To Notice of Removal

Case No. 13-2046



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Dr STEVEN A. GUTTENBERG
    Vs.                           C.A. No.     2013 CA 007880 B
Dr ROBERT W. EMERY et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number *in the* caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge NEAL E KRAVITZ
Date: November 22, 2013
Initial Conference: 9:30 am, Friday, February 21, 2014
Location: Courtroom 219
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001                             Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation.  D.C. Code § 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.  The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone; (202) 879-1133

DR. STEVEN A. GUTTENBERG et al.
_____
                    Plaintiff

              vs.                              Case Number 13 - 0 0 0 7 8 8 0

KATHY - BORG - EMERY
_____
                    Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

GEOFFREY P. GITNER
_____
Name of Plaintiff's Attorney
2121 K ST. N.W.
_____
Address   SUITE 850
WASHINGTON, D.C. 20037
_____
Telephone

Clerk of the Court

By _Atrina R. Redmond_
                    Deputy Clerk

Date   NOV 2 2 2013

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dich, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante

               contra

                                    Número de Caso: _____

_____
                                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                    Por: _____
_____
Dirección                                       Subsecretario

_____

                                    Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
     번역을 원하시면, (202) 879-4828 로 전화주십시오         የአማርኛ ትርጉም አስፈላጊ ከሆነ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid *Society* (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

**DR. STEVEN A. GUTTENBERG**
2021 K Street, N.W., Suite 200
Washington, D.C. 20006

 and

**STEVEN A. GUTTENBERG, D.D.S., MD,
PLLC.**
2021 K Street, N.W., Suite 200
Washington, D.C. 20006-1003

                    Plaintiffs,

          v.

**DR. ROBERT W. EMERY**
2311 M Street, N.W.
Suite 200
Washington, D.C. 20037

and

**KATHY BORG-EMERY**
2311 M Street, N.W., Suite 200
Washington, D.C. 20006-1003

                    **Defendants.**

RECEIVED
Civil Clerk's Office
NOV 2 2 2013
Superior Court of the
District of Columbia
Washington, D.C.

13 - 0 0 0 7 8 8 0

Civil Action No.

## COMPLAINT

COME NOW the Plaintiffs, Dr. Steven A. Guttenberg and Steven A. Guttenberg, D.D.S.,

M.D., PLLC, by counsel, and moves this Honorable Court for judgment against Defendants

Robert Emery and Kathy-Borg Emery, on the grounds and in the amounts as set forth below.

## JURISDICTION

1.      Jurisdiction of this matter is founded upon D.C. Code §§ 11-921, 13-423 and 13-424.

2.      Plaintiff, Dr. Steven A. Guttenberg ("Guttenberg"), is an oral and maxillofacial surgeon practicing in the District of Columbia.

3.      Plaintiff, Steven A. Guttenberg, D.D.S., M.D., PLLC (the "Corporation") is a District of Columbia professional corporation. The Corporation was previously named "Doctors Guttenberg and Emery, P.C." Dr. Guttenberg is a past President of the American College of Oral and Maxillofacial Surgeons. He has also been the President of the District of Columbia Society of Oral and Maxillofacial Surgeon and a Vice-President of the District of Columbia Medical Society. Dr. Guttenberg has been on the editorial boards of a number of medical journals, a Clinical Associate Professor at Temple University, Professor of Surgery at Nova Southeastern University, the Chairman of the Training and Education Committee, Department of Oral and Maxillofacial Surgery at the Washington Hospital Center, and a regular lecturer nationally and internationally.

4.      Defendant, Dr. Robert W. Emery ("Dr. Emery" or "Emery") practices dentistry in the District of Columbia.

5.      Defendant, Kathy Borg-Emery ("Borg-Emery'), is an employee of Dr. Emery, as well as the wife of Dr. Emery, serving as the Comptroller of her husband's practice. Both Borg-Emery, and Dr. Emery, maintain their office in the District of Columbia at 2311 M Street, N.W., Suite 200, Washington, D.C.

## FACTS COMMON TO ALL COUNTS

2

6.     In 1977, Guttenberg and the Corporation began an oral and maxillofacial surgery practice in downtown Washington, D.C. (the "Practice").

7.     Guttenberg's Practice grew substantially after 1977. Guttenberg became known locally, regionally and nationally as a recognized expert oral and maxillofacial surgeon through teaching, speaking engagements and participation in professional organizations. Through his practice and reputation, Guttenberg developed a large network of referral dentists and physicians.

8.     Between 1977 and 1988, Guttenberg's practice increased consistently and substantially in the volume of patients it served (with over 10,000 patients).

9.     In 1984 Emery graduated from dental school. In 1988, he was hired by the Corporation as an associate.

10.    On July 30, 1990, Guttenberg agreed to admit Emery as a shareholder in the Corporation. Emery then entered into a shareholder agreement with the Corporation and Guttenberg and an Employment Agreement with the Corporation and Guttenberg.

11.    In 2007, disputes arose between Guttenberg and Emery.

12.    As a result of the disputes, Emery separated from the Practice and withdrew as a shareholder in the Corporation.

13.    As part of Emery's separation from the Practice, Guttenberg and the Corporation entered into a Settlement Agreement and Mutual Releases (the "Agreement") with Emery on February 11, 2008.

14.    Paragraph 10 of the Agreement, titled Non-Disparagement, provides in part as follows:

The parties shall not, directly or indirectly, at any time:

(a)    make, or cause to be made, any statement, observation or opinion, or

(b)    communicate any information (whether oral or written),

3

that disparages, or may in any way harm the reputation of, the business of the Corporation, Guttenberg and Emery, or any relatives, or any of their respective former, present employees. This shall include, without any limitation, any statement regarding the professional or personal lives of Guttenberg and Emery. A breach of this provision, shall be considered a material breach and the breaching party concedes that injunctive relief may be granted to enjoin a breach of this provision, and that the non-prevailing party shall be liable to the prevailing party for compensatory damages, and for the attorney fees and costs required by the prevailing party to obtain injunctive and/or compensatory relief to enforce this provision.

15.     On or about September 23, 2013, Defendant Borg-Emery made disparaging representations to a dental hygienist, later restated to a dentist with professional relations with Plaintiff Guttenberg, namely that Guttenberg had engaged in in illicit and heinous acts with his employees and had engaged for substantial lengths of time in marital infidelity.

16.     Defendant Borg-Emery made the representation described in paragraph 15 above intentionally and with malicious intent to harm Guttenberg in both his professional and personal lives.

17.     Defendant Borg-Emery is the agent and employee of Dr. Emery.

18.     On information and belief, Emery and Borg-Emery have made other disparaging representations to third parties and have engaged in a systematic and intentional campaign to harm Guttenberg's personal and professional reputations, Guttenberg's practice and interfere with Guttenberg's relationship with his wife. Together Emery and Borg-Emery have engaged in an intentional scheme to disparage Guttenberg in order to divert members of the Washington D.C. metropolitan area's dental and medical communities from referring patients to Guttenberg, and instead have Guttenberg's referral network refer patients to Emery.

19.     Defendant Emery and Borg-Emery have disparaged Dr. Guttenberg in violation of paragraph 10 of the Agreement.

4

## COUNT I
### (Breach of Non-Disparagement Agreement)

20.     Plaintiffs incorporate herein by reference the allegations contained in paragraphs one through 19 of this Complaint, and further allege against the Defendants as follows:

21.     Defendant Borg-Emery's statement as alleged in paragraph 15 aboce constitutes a material breach of the Agreement.

22.     As a proximate cause of the breach, Guttenberg and the Corporation have been damaged and are entitled to compensatory damages against the Defendants.

23.     Defendant Borg-Emery's statement as alleged in paragraph 15 was made with the express or tacit consent of Defendant Emery, and was made with evil and malicious intent entitling Plaintiffs to punitive damages against the Defendants.

24.     Paragraph 10 of the Agreement provides that a prevailing party shall be entitled to its attorneys' fees and costs required by the prevailing party to obtain compensatory relief.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants for the following relief:

A.     Compensatory damages of Two Hundred and Fifty Thousand Dollars ($250,000);

B.     Punitive damages of Two Hundred and Fifty Thousand Dollars ($250,000);

C.     Plaintiffs' attorney fees and cost; and

D.     Such other further relief as the Court deems just and proper.

## COUNT II
### (Injunctive Relief)

25.     Plaintiffs incorporate herein by reference the allegations contained in paragraphs one through 24 of this Complaint, and further allege against the Defendants as follows:

5

26.    Under the Agreement, Defendant Emery has agreed to the entry of injunctive relief upon a breach of the Agreement's Non-Disparagement provision, paragraph 10.

27.    Defendants' conduct has caused and continues to cause irreparable harm to Guttenberg and the Corporation.

WHEREFORE, the Plaintiffs respectfully request that the Court enter the following relief:

A.    Temporary, preliminary and permanent injunctions enjoining Defendants from taking any further actions in violation of the Agreement's Non-Disparagement provision;

B.    Plaintiffs' attorney fees and costs; and

C.    Such other and further relief as the Court deems just and proper.

DATED: November 23, 2013              Respectfully submitted,

MARTIN & GITNER PLLC


Geoffrey P. Gitner    (D.C. Bar No. 176479)
William R. Martin    (D.C. Bar No. 465531)
Kerry Brainard Verdi  (D.C. Bar No. 478486)
2121 K Street, N.W., Suite 850
Washington, D.C. 20037
(202) 331-2121
Geoff.gitner@martingitnerlaw.com

*Counsel to the Plaintiffs*



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Dr STEVEN A. GUTTENBERG
    Vs.                              C.A. No.     2013 CA 007880 B
Dr ROBERT W. EMERY et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge NEAL E KRAVITZ
Date:  November 22, 2013
Initial Conference: 9:30 am, Friday, February 21, 2014
Location:  Courtroom 219
              500 Indiana Avenue N.W.
              WASHINGTON, DC  20001                      Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and *sign* an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

DR. STEVEN A. GUTTENBERG et al
_____
Plaintiff

vs.                                    Case Number 13-0 0 0 7 8 8 0

DR. ROBERT W. EMERY
_____
Defendant

### SUMMONS

To the above named Defendant:

　　　You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

　　　You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

GEOFFREY P. GITNER
_____
Name of Plaintiff's Attorney

2121 K ST., N.W.
_____
Address
　　SUITE 850

WASHINGTON, D.C. 20037
_____
Telephone

_Clerk of the Court_

By _Catrina R Redmond_
_____
Deputy Clerk

Date **NOV 2 2 2013**

如需翻译，请打电话 (202) 879-4828　　Veuillez appeler au (202) 879-4828 pour une traduction　　Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오　　ሴልማሪ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

|  |  |
|---|---|
|  | Demandante |
| contra |  |
|  | Número de Caso: |
|  | Demandado |

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

Por: _____

Dirección

Subsecretario

Fecha _____

Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có bài dịch, hãy gọi (202) 879-4828

번역을 원하시면,(202) 879-4828 로 전화주십시오      የትርጉም እርዳታ ከፈለጉ (202) 879-4828 ይደውሉ

**IMPORTANTE:** SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

### IN THE SUPERIOR COURT
### FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

**DR. STEVEN A. GUTTENBERG**
2021 K Street, N.W., Suite 200
Washington, D.C. 20006

and

**STEVEN A. GUTTENBERG, D.D.S., MD, PLLC.**
2021 K Street, N.W., Suite 200
Washington, D.C. 20006-1003

         **Plaintiffs,**

     **V.**

**DR. ROBERT W. EMERY**
2311 M Street, N.W.
Suite 200
Washington, D.C. 20037

and

**KATHY BORG-EMERY**
2311 M Street, N.W., Suite 200
Washington, D.C. 20006-1003

        **Defendants.**

RECEIVED
Civil Clerk's Office
NOV 2 2 2013
Superior Court of the
District of Columbia
Washington, D.C.

13 - 0 0 0 7 8 8 0

Civil Action No.

## COMPLAINT

COME NOW the Plaintiffs, Dr. Steven A. Guttenberg and Steven A. Guttenberg, D.D.S., M.D., PLLC, by counsel, and moves this Honorable Court for judgment against Defendants Robert Emery and Kathy-Borg Emery, on the grounds and in the amounts as set forth below.

## JURISDICTION

1.      Jurisdiction of this matter is founded upon D.C. Code §§ 11-921, 13-423 and 13-424.

2.      Plaintiff, Dr. Steven A. Guttenberg ("Guttenberg"), is an oral and maxillofacial surgeon practicing in the District of Columbia.

3.      Plaintiff, Steven A. Guttenberg, D.D.S., M.D., PLLC (the "Corporation") is a District of Columbia professional corporation.  The Corporation was previously named "Doctors Guttenberg and Emery, P.C."  Dr. Guttenberg is a past President of the American College of Oral and Maxillofacial Surgeons.  He has also been the President of the District of Columbia Society of Oral and Maxillofacial Surgeon and a Vice-President of the District of Columbia Medical Society.  Dr. Guttenberg has been on the editorial boards of a number of medical journals, a Clinical Associate Professor at Temple University, Professor of Surgery at Nova Southeastern University, the Chairman of the Training and Education Committee, Department of Oral and Maxillofacial Surgery at the Washington Hospital Center, and a regular lecturer nationally and internationally.

4.      Defendant, Dr. Robert W. Emery ("Dr. Emery" or "Emery") practices dentistry in the District of Columbia.

5.      Defendant, Kathy Borg-Emery ("Borg-Emery'), is an employee of Dr. Emery, as well as the wife of Dr. Emery, serving as the Comptroller of her husband's practice.  Both Borg-Emery, and Dr. Emery, maintain their office in the District of Columbia at 2311 M Street, N.W., Suite 200, Washington, D.C.

### FACTS COMMON TO ALL COUNTS

2

6.      In 1977, Guttenberg and the Corporation began an oral and maxillofacial surgery practice in downtown Washington, D.C. (the "Practice").

7.      Guttenberg's Practice grew substantially after 1977.  Guttenberg became known locally, regionally and nationally as a recognized expert oral and maxillofacial surgeon through teaching, speaking engagements and participation in professional organizations.  Through his practice and reputation, Guttenberg developed a large network of referral dentists and physicians.

8.      Between 1977 and 1988, Guttenberg's practice increased consistently and substantially in the volume of patients it served (with over 10,000 patients).

9.      In 1984 Emery graduated from dental school.  In 1988, he was hired by the Corporation as an associate.

10.     On July 30, 1990, Guttenberg agreed to admit Emery as a shareholder in the Corporation.  Emery then entered into a shareholder agreement with the Corporation and Guttenberg and an Employment Agreement with the Corporation and Guttenberg.

11.     In 2007, disputes arose between Guttenberg and Emery.

12.     As a result of the disputes, Emery separated from the Practice and withdrew as a shareholder in the Corporation.

13.     As part of Emery's separation from the Practice, Guttenberg and the Corporation entered into a Settlement Agreement and Mutual Releases (the "Agreement") with Emery on February 11, 2008.

14.     Paragraph 10 of the Agreement, titled Non-Disparagement, provides in part as follows:

The parties shall not, directly or indirectly, at any time:

(a)     make, or cause to be made, any statement, observation or opinion, or

(b)     communicate any information (whether oral or written),

3

that disparages, or may in any way harm the reputation of, the business of the Corporation, Guttenberg and Emery, or any relatives, or any of their respective former, present employees.   This shall include, without any limitation, any statement regarding the professional or personal lives of Guttenberg and Emery. A breach of this provision, shall be considered a material breach and the breaching party concedes that injunctive relief may be granted to enjoin a breach of this provision, and that the non-prevailing party shall be liable to the prevailing party for compensatory damages, and for the attorney fees and costs required by the prevailing party to obtain injunctive and/or compensatory relief to enforce this provision.

15.     On or about September 23, 2013, Defendant Borg-Emery made disparaging representations to a dental hygienist, later restated to a dentist with professional relations with Plaintiff Guttenberg, namely that Guttenberg had engaged in in illicit and heinous acts with his employees and had engaged for substantial lengths of time in marital infidelity.

16.     Defendant Borg-Emery made the representation described in paragraph 15 above intentionally and with malicious intent to harm Guttenberg in both his professional and personal lives.

17.     Defendant Borg-Emery is the agent and employee of Dr. Emery.

18.     On information and belief, Emery and Borg-Emery have made other disparaging representations to third parties and have engaged in a systematic and intentional campaign to harm Guttenberg's personal and professional reputations, Guttenberg's practice and interfere with Guttenberg's relationship with his wife.  Together Emery and Borg-Emery have engaged in an intentional scheme to disparage Guttenberg in order to divert members of the Washington D.C. metropolitan area's dental and medical communities from referring patients to Guttenberg, and instead have Guttenberg's referral network refer patients to Emery.

19.     Defendant Emery and Borg-Emery have disparaged Dr. Guttenberg in violation of paragraph 10 of the Agreement.

4

## COUNT I
(Breach of Non-Disparagement Agreement)

20.     Plaintiffs incorporate herein by reference the allegations contained in paragraphs one through 19 of this Complaint, and further allege against the Defendants as follows:

21.     Defendant Borg-Emery's statement as alleged in paragraph 15 aboce constitutes a material breach of the Agreement.

22.     As a proximate cause of the breach, Guttenberg and the Corporation have been damaged and are entitled to compensatory damages against the Defendants.

23.     Defendant Borg-Emery's statement as alleged in paragraph 15 was made with the express or tacit consent of Defendant Emery, and was made with evil and malicious intent entitling Plaintiffs to punitive damages against the Defendants.

24.     Paragraph 10 of the Agreement provides that a prevailing party shall be entitled to its attorneys' fees and costs required by the prevailing party to obtain compensatory relief.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants for the following relief:

A.     Compensatory damages of Two Hundred and Fifty Thousand Dollars ($250,000);

B.     Punitive damages of Two Hundred and Fifty Thousand Dollars ($250,000);

C.     Plaintiffs' attorney fees and cost; and

D.     Such other further relief as the Court deems just and proper.

## COUNT II
(Injunctive Relief)

25.     Plaintiffs incorporate herein by reference the allegations contained in paragraphs one through 24 of this Complaint, and further allege against the Defendants as follows:

26.     Under the Agreement, Defendant Emery has agreed to the entry of injunctive relief upon a breach of the Agreement's Non-Disparagement provision, paragraph 10.

27.     Defendants' conduct has caused and continues to cause irreparable harm to Guttenberg and the Corporation.

WHEREFORE, the Plaintiffs respectfully request that the Court enter the following relief:

A.      Temporary, preliminary and permanent injunctions enjoining Defendants from taking any further actions in violation of the Agreement's Non-Disparagement provision;

B.      Plaintiffs' attorney fees and costs; and

C.      Such other and further relief as the Court deems just and proper.

DATED: November 23, 2013                    Respectfully submitted,

                                            MARTIN & GITNER PLLC


                                            Geoffrey P. Gitner    (D.C. Bar No. 176479)
                                            William R. Martin     (D.C. Bar No. 465531)
                                            Kerry Brainard Verdi   (D.C. Bar No. 478486)
                                            2121 K Street, N.W., Suite 850
                                            Washington, D.C. 20037
                                            (202) 331-2121
                                            Geoff.gitner@martingitnerlaw.com

                                            *Counsel to the Plaintiffs*

6