IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. STEVEN A. GUTTENBERG, *et al.* § <br> § <br> § <br> Plaintiffs, § <br> § Case No. 13-cv-2046-JDB <br> § <br> v. § <br> § <br> DR. ROBERT W. EMERY, *et al.* § <br> § <br> Defendants. § | |

## DEFENDANTS' MOTION TO DISMISS COMPLAINT
## AND MOTION FOR ATTORNEYS FEES

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Defendants Dr. Robert W. Emery and Kathy Borg-Emery respectfully move this Court to dismiss the Complaint of Plaintiffs Dr. Steven A. Guttenberg and Steven A. Guttenberg, DDS, MD, PLLC ("Plaintiffs") with prejudice. Additionally, pursuant to the 2008 Settlement Agreement at issue, Defendant Dr. Emery respectfully moves this Court for an award requiring Dr. Guttenberg to reimburse all legal fees and costs incurred in responding to the Complaint. In support, Defendants state as follows:

1. Under Fed. R. Civ. P. 12(b)(6), Plaintiffs' Complaint should be dismissed because it fails to state a claim to relief:

*First,* the breach of contract claim against Defendant Kathy Borg-Emery should be dismissed because she is not a party to the 2008 Settlement Agreement at issue and, as such, cannot be held liable for any breach of that agreement.

*Second,* the claim against Dr. Emery for breach of the non-disparagement provision of the 2008 Settlement Agreement should be dismissed because the complaint contains nothing more than conclusory and formulaic allegations against him that fail to satisfy even the most basic federal pleading standards and fail to put Dr. Emery or the Court on notice of the factual basis for Dr. Guttenberg's claims.

*Third*, Count II should be dismissed for failure to state a claim to injunctive relief because, among other things, Dr. Guttenberg has alleged no facts reflecting that he has suffered irreparable harm or that he would be likely to succeed on the merits of his claims.

2. Under Fed. R. Civ. P. 12(b)(2), this Court lacks personal jurisdiction over Defendant Kathy Borg-Emery and, as such, she should be dismissed from this case.

3. Pursuant to the 2008 Settlement Agreement, Dr. Emery moves for an award in his favor, and against Dr. Guttenberg, requiring the reimbursement of all legal fees and costs incurred in responding to the Complaint because Dr. Guttenberg cannot prevail on his breach of contract claim, and because the 2008 Settlement Agreement provides that the non-prevailing party shall be liable to the prevailing party for attorneys fees and costs.

**WHEREFORE**, for the foregoing reasons and for those more fully set forth in the accompanying Memorandum and any oral argument, Defendants respectfully request that their Motion to Dismiss and Motion for Attorneys Fees be granted.

A proposed order is attached.

### Oral Hearing Requested

Pursuant to LCvR 78.1, Defendants request an oral hearing on their Motions.

Respectfully submitted,

/s/ Moxila A. Upadhyaya
Brian L. Schwalb (# 428551)
Seth A. Rosenthal (# 482586)
Moxila A. Upadhyaya (# 494373)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300
Email:  blschwalb@venable.com
            sarosenthal@venable.com

[maupadhyaya@venable.com](mailto:maupadhyaya@venable.com)

***Counsel for Defendants***
***Dr. Robert W. Emery and Kathy Borg-Emery***

Date: December 31, 2013

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 31st day of December, 2013, I caused the foregoing to be served on counsel for Plaintiffs via U.S. Mail, first class postage prepaid, and electronic mail at the address below:

                Geoffrey P. Gitner
                Martin & Gitner PLLC
                2121 K Street, N.W.
                Suite 850
                Washington, D.C. 20037
                Geoff.gitner@martingitnerlaw.com

                /s/ Moxila A. Upadhyaya
                Moxila A. Upadhyaya