IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DR. STEVEN A. GUTTENBERG
2021 K Street, N.W., Suite 200
Washington, D.C. 20006

and

STEVEN A. GUTTENBERG, D.D.S., MD, PLLC.
2021 K Street, N.W., Suite 200
Washington, D.C. 20006-1003

    Plaintiffs,

v.

DR. ROBERT W. EMERY
2311 M Street, N.W.
Suite 200
Washington, D.C. 20037

and

KATHY BORG-EMERY
2311 M Street, N.W., Suite 200
Washington, D.C. 20006-1003

    Defendants.

Case No. 13-cv-2046-JDB

## AMENDED COMPLAINT

COME NOW the Plaintiffs, Dr. Steven A. Guttenberg and Steven A. Guttenberg, D.D.S., M.D., PLLC, by counsel, and moves this Honorable Court for judgment against Defendants Robert Emery and Kathy-Borg Emery, on the grounds and in the amounts as set forth below.

## JURISDICTION

1. Jurisdiction of this matter is founded upon 28 U.S.C. § 1332.

2. Plaintiff, Dr. Steven A. Guttenberg ("Guttenberg"), is an oral and maxillofacial surgeon practicing in the District of Columbia and is a resident of the District of Columbia.

3. Plaintiff, Steven A. Guttenberg, D.D.S., M.D., PLLC (the "Corporation") is a District of Columbia professional corporation. The Corporation was previously named "Doctors Guttenberg and Emery, P.C." Dr. Guttenberg is a past President of the American College of Oral and Maxillofacial Surgeons. He has also been the President of the District of Columbia Society of Oral and Maxillofacial Surgeon and a Vice-President of the District of Columbia Medical Society. Dr. Guttenberg has been on the editorial boards of a number of medical journals, a Clinical Associate Professor at Temple University, Professor of Surgery at Nova Southeastern University, the Chairman of the Training and Education Committee, Department of Oral and Maxillofacial Surgery at the Washington Hospital Center, and a regular lecturer nationally and internationally.

4. Defendant, Dr. Robert W. Emery ("Dr. Emery" or "Emery") practices dentistry in the District of Columbia, and is a resident of the Commonwealth of Virginia.

5. Defendant, Kathy Borg-Emery ("Borg-Emery'), is an employee of Dr. Emery, as well as the wife of Dr. Emery, serving as the Comptroller of her husband's practice. Both Borg-Emery, and Dr. Emery, maintain their office in the District of Columbia at 2311 M Street, N.W., Suite 200, Washington, D.C. Borg-Emery is a resident of the Commonwealth of Virginia.

6. The amount in controversy in this matter exceeds $75,000.

2

## FACTS COMMON TO ALL COUNTS

7. In 1977, Guttenberg and the Corporation began an oral and maxillofacial surgery practice in downtown Washington, D.C. (the "Practice").

8. Guttenberg's Practice grew substantially after 1977. Guttenberg became known locally, regionally and nationally as a recognized expert oral and maxillofacial surgeon through teaching, speaking engagements and participation in professional organizations. Through his practice and reputation, Guttenberg developed a large network of referral dentists and physicians.

9. Between 1977 and 1988, Guttenberg's practice increased consistently and substantially in the volume of patients it served (with over 10,000 patients).

10. In 1984 Emery graduated from dental school. In 1988, he was hired by the Corporation as an associate.

11. On July 30, 1990, Guttenberg agreed to admit Emery as a shareholder in the Corporation. Emery then entered into a shareholder agreement with the Corporation and Guttenberg and an Employment Agreement with the Corporation and Guttenberg.

12. In 2007, disputes arose between Guttenberg and Emery.

13. As a result of the disputes, Emery separated from the Practice and withdrew as a shareholder in the Corporation.

14. As part of Emery's separation from the Practice, Guttenberg and the Corporation entered into a Settlement Agreement and Mutual Releases (the "Agreement") with Emery on February 11, 2008.

15. Paragraph 5(e) of the Agreement states that "[t]he Parties agree that this Agreement is confidential, and that confidentiality is a material term of the Agreement, although

3

the terms and provisions of this Agreement may be shared by Guttenberg and Emery with their professional advisors and their spouses."

16. Paragraph 10 of the Agreement, titled Non-Disparagement, provides in part as follows:

The parties shall not, directly or indirectly, at any time:

(a) make, or cause to be made, any statement, observation or opinion, or

(b) communicate any information (whether oral or written),

that disparages, or may in any way harm the reputation of, the business of the Corporation, Guttenberg and Emery, or any relatives, or any of their respective former, present employees. This shall include, without any limitation, any statement regarding the professional or personal lives of Guttenberg and Emery. A breach of this provision, shall be considered a material breach and the breaching party concedes that injunctive relief may be granted to enjoin a breach of this provision, and that the non-prevailing party shall be liable to the prevailing party for compensatory damages, and for the attorney fees and costs required by the prevailing party to obtain injunctive and/or compensatory relief to enforce this provision.

17. On or about September 23, 2013, Defendant Borg-Emery was in the public waiting room at a veterinary office in Virginia and began talking to a woman who was a dental hygienist in Vienna, Virginia. Defendant Borg-Emery told the hygienist, *inter alia*, that Dr. Guttenberg was a sexual deviant, received oral sex under the table at his office and cheated on his wife. She also stated that he had other affairs, including sexual intercourse at the office. These statements were later, later restated to a dentist in Virginia with professional relations with Plaintiff Guttenberg.

18. Defendant Borg-Emery made the representation described in paragraph 17 above intentionally and with malicious intent to harm Guttenberg in both his professional and personal lives, while knowing that the Agreement between her husband and Dr. Guttenberg contained a non-disparagement clause.

4

19. Defendant Borg-Emery is the agent and employee of Dr. Emery.

20. On information and belief, Emery and Borg-Emery have made other disparaging representations to third parties, including other dental and medical professionals, and have engaged in a systematic and intentional campaign to harm Guttenberg's personal and professional reputations, Guttenberg's practice and interfere with Guttenberg's relationship with his wife. Together Emery and Borg-Emery have engaged in an intentional scheme to disparage Guttenberg in order to divert members of the Washington D.C. metropolitan area's dental and medical communities from referring patients to Guttenberg, and instead have Guttenberg's referral network refer patients to Emery.

21. Defendant Emery and Borg-Emery have disparaged Dr. Guttenberg in violation of paragraph 10 of the Agreement.

## COUNT I
(Breach of Non-Disparagement Agreement)

22. Plaintiffs incorporate herein by reference the allegations contained in paragraphs one through 21 of this Complaint, and further allege against the Defendants as follows:

23. Defendant Borg-Emery's statement as alleged in paragraph 17 above constitutes a material breach of the Agreement.

24. As a proximate cause of the breach, Guttenberg and the Corporation have been damaged and are entitled to compensatory damages against the Defendants.

25. Defendant Borg-Emery's statement as alleged in paragraph 17 was made with the express or tacit consent of Defendant Emery, and was made with evil and malicious intent entitling Plaintiffs to punitive damages against the Defendants.

26. Paragraph 10 of the Agreement provides that a prevailing party shall be entitled to its attorneys' fees and costs required by the prevailing party to obtain compensatory relief.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants for the following relief:

A. Compensatory damages of Two Hundred and Fifty Thousand Dollars ($250,000);

B. Punitive damages of Two Hundred and Fifty Thousand Dollars ($250,000);

C. Plaintiffs' attorney fees and cost; and

D. Such other further relief as the Court deems just and proper.

## COUNT II
(Injunctive Relief)

27. Plaintiffs incorporate herein by reference the allegations contained in paragraphs one through 26 of this Complaint, and further allege against the Defendants as follows:

28. Under the Agreement, Defendant Emery has agreed to the entry of injunctive relief upon a breach of the Agreement's Non-Disparagement provision, paragraph 10.

29. Defendants' conduct has caused and continues to cause irreparable harm to Guttenberg and the Corporation.

WHEREFORE, the Plaintiffs respectfully request that the Court enter the following relief:

A. Temporary, preliminary and permanent injunctions enjoining Defendants from taking any further actions in violation of the Agreement's Non-Disparagement provision;

B. Plaintiffs' attorney fees and costs; and

C. Such other and further relief as the Court deems just and proper.

## COUNT III
(Violation of Virginia State Code Section 18.2-499)

30. Plaintiffs incorporate herein by reference the allegations contained in paragraphs one through 29 of this Complaint, and further allege against the Defendants as follows:

31. Through their campaign to continue to disparage and defame Plaintiffs, Defendants have combined, associated, agreed or mutually undertaken or concerted together for the purpose of willfully and maliciously injuring Plaintiffs in their reputation, trade, business and profession.

32. Such concerted effort has harmed Plaintiffs reputation, trade, business and profession and resulted in the loss of patients to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants for the following relief:

    A. Compensatory damages of Two Hundred and Fifty Thousand Dollars ($250,000);

    B. Punitive damages of Two Hundred and Fifty Thousand Dollars ($250,000);

    C. Plaintiffs' attorney fees and cost;

    D. Treble Damages as allowed under the statute; and

    D. Such other further relief as the Court deems just and proper.

## COUNT IV
### (Tortious Interference with Economic Advantage)

33. Plaintiffs incorporate herein by reference the allegations contained in paragraphs one through 32 of this Complaint, and further allege against the Defendants as follows:

34. Throughout the time that Dr. Guttenberg has been in practice, his practice has increased consistently and substantially and he has relied on a network of dentists and other medical professionals in the Metropolitan D.C. area for referrals.

35. His referral network has remained consistent throughout the time he has been in practice.

36. As a result of having been a business partner with Dr. Guttenberg, Dr. Emery has knowledge of the expectancy Dr. Guttenberg has to receive referral business from his network in the Metropolitan D.C. area.

37. Based on her involvement with her husband's practice, Defendant Borg-Emery also has knowledge of the expectancy Dr. Guttenberg has to receive referral business from his network in the Metropolitan D.C. area.

38. Through the disparaging comments made by Defendants to individuals in the Metropolitan D.C. medical community, Defendants knew they were interfering with Plaintiffs' business expectancy by causing doctors to terminate their referrals to Plaintiffs and, instead, send those referrals to Defendants.

39. The decline in referrals to Plaintiffs have damaged Plaintiffs reputation and caused economic harm.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants for the following relief:

A. Compensatory damages of Two Hundred and Fifty Thousand Dollars ($250,000);

B. Punitive damages of Two Hundred and Fifty Thousand Dollars ($250,000);

C. Plaintiffs' attorney fees and cost; and

D. Such other further relief as the Court deems just and proper.

DATED: January 22, 2014

Respectfully submitted,

MARTIN & GITNER PLLC

_____
Geoffrey P. Gitner      (D.C. Bar No. 176479)
William R. Martin       (D.C. Bar No. 465531)
Kerry Brainard Verdi   (D.C. Bar No. 478486)
2121 K Street, N.W., Suite 850
Washington, D.C. 20037
(202) 331-2121
Geoff.gitner@martingitnerlaw.com

*Counsel to the Plaintiffs*

9