IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DR. STEVEN A. GUTTENBERG, *et al.*    §
                                     §
                                     §
          Plaintiffs,                §
                                     §          Case No. 13-cv-2046-JDB
v.                                   §
                                     §
DR. ROBERT W. EMERY,                 §
                                     §
          Defendant.                 §

## ANSWER TO AMENDED COMPLAINT

Defendant Dr. Robert W. Emery ("Dr. Emery"), by and through undersigned counsel, hereby files this Answer to the Amended Complaint.  Dr. Emery reserves the right to supplement or amend this pleading or any portion of it as additional information becomes known through discovery.

### JURISDICTION

1.      The allegations in Paragraph 1 are legal conclusions to which no response is required.

2.      Admitted.

3.      With respect to the allegations in Paragraph 3, Dr. Emery admits only that he and Dr. Guttenberg were formerly partners in an oral and maxillofacial surgery practice in a corporation named "Doctors Guttenberg and Emery, P.C."  Dr. Emery is without sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 3, and on that basis, denies them.

4.      Admitted that Dr. Emery practices dentistry, as well as oral and maxillofacial surgery in the District of Columbia and that he is a resident of Virginia.

1

5.      Pursuant to this Court's May 16, 2014 Memorandum Opinion and Order, Dr. Emery denies that Kathy Borg-Emery ("Mrs. Borg-Emery") is a Defendant.  With respect to the allegations in Paragraph 5, Dr. Emery admits that Mrs. Borg-Emery is his wife, and is a resident of the Commonwealth of Virginia.  Further, Dr. Emery states that Mrs. Borg-Emery is employed as the comptroller of "Robert W. Emery III, D.D.S., M.D., PLLC," a professional limited liability corporation located at 2311 M. Street, N.W., Suite 200, Washington, D.C.  Dr. Emery denies the remaining allegations in Paragraph 5.

6.      The allegations in Paragraph 6 are legal conclusions to which no response is required.   To the extent that a response is deemed to be required, Dr. Emery denies the allegations.

## FACTS COMMON TO ALL COUNTS

7.      Dr. Emery is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 7, and on that basis, denies them.

8.      Dr. Emery is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 8, and on that basis, denies them.

9.      Dr. Emery is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 9, and on that basis, denies them.

10.     Admitted.

11.     Admitted.

12.     Dr. Emery objects to Paragraph 12 as vague. Without waiving his objection, Dr. Emery states that, in or about 2007, disputes arose between Drs. Guttenberg and Emery relating to allegations of sexual misconduct and other inappropriate behavior by Dr. Guttenberg that were severely disruptive to the practice of Doctors Guttenberg and Emery, P.C.

13.     Dr. Emery objects to Paragraph 13 as vague.  Without waiving his objection, Dr. Emery states that, arising out of and related to the disputes described in Paragraph 12 above, Dr. Guttenberg and Doctors Guttenberg and Emery, P.C. filed a lawsuit against Dr. Emery in Case No. 1:08-cv-85 in the United States District Court for the District of Columbia.  That lawsuit ended in a settlement, the terms of which are memorialized in the Settlement Agreement and Mutual Releases dated February 11, 2008 (the "Settlement Agreement").  The Settlement Agreement contains the terms of Dr. Emery's separation and withdrawal from Doctors Guttenberg and Emery, P.C. as one of its shareholders.

14.     With respect to the allegations in Paragraph 14, Dr. Emery admits only that Doctors Guttenberg and Emery, P.C., Dr. Guttenberg and Dr. Emery were each parties to the Settlement Agreement.  Dr. Emery denies the remaining allegations in Paragraph 14.

15.     With respect to the allegations in Paragraph 15, Dr. Emery states that the Settlement Agreement is a document which speaks for itself, and objects to the extent Paragraph 15 purports to characterize the contents of the document.

16.     With respect to the allegations in Paragraph 16, Dr. Emery states that the Settlement Agreement is a document which speaks for itself, and objects to the extent Paragraph 16 purports to characterize the contents of the document.

17.     Dr. Emery is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 17, and on that basis, denies them.

18.     Dr. Emery is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 18, and on that basis, denies them.

19.     Denied.

20.     Denied.

21.     Denied.

## COUNT I
### (Breach of Non-Disparagement Agreement)

22.     Dr. Emery incorporates by reference Paragraphs 1 through 21 above, as if fully set forth herein.

23.     Denied.

24.     Denied.

25.     Denied.

26.     With respect to the allegations in Paragraph 26, the Settlement Agreement is a document which speaks for itself.

## Count II
### (Injunctive Relief)

27.     Dr. Emery incorporates by reference Paragraphs 1 through 26 above, as if fully set forth herein.

28.     The Court dismissed the claim for injunctive relief in its Memorandum Opinion and Order dated May 16, 2014, and therefore no response is required to the allegations in this paragraph.

29.     See response in Paragraph 28.

## Count III
### (Violation of Virginia State Code Section 18.2-499)

30.     Dr. Emery incorporates by reference Paragraphs 1 through 29 above, as if fully set forth herein.

31.     The Court dismissed the claim for violation of the Virginia State Code Section 18.2-499 in its Memorandum Opinion and Order dated May 16, 2014, and therefore no response is required to the allegations in this paragraph.

32.     See response in Paragraph 31.

**Count IV**
**(Tortious Interference with Economic Advantage)**

33.     Dr. Emery incorporates by reference Paragraphs 1 through 32 above, as if fully set forth herein.

34.     The Court dismissed the claim for tortious interference with economic advantage in its Memorandum Opinion and Order dated May 16, 2014, and therefore no response is required the allegations in to this paragraph.

35.     See response above in Paragraph 34.

36.     See response above in Paragraph 34.

37.     See response above in Paragraph 34.

38.     See response above in Paragraph 34.

39.     See response above in Paragraph 34.

WHEREFORE, Dr. Emery denies that Plaintiffs are entitled to any of the relief they seek, and prays that the Court dismiss the Amended Complaint and enter judgment for Dr. Emery and against Plaintiffs, and grant such further relief as may be appropriate, including, but not limited to, his attorney's fees and costs pursuant to the Settlement Agreement at issue in this case.

In addition to the foregoing Answer, Dr. Emery asserts the following affirmative defenses to the Amended Complaint:

**<u>AFFIRMATIVE DEFENSES</u>**

**FIRST AFFIRMATIVE DEFENSE**

1.     The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      If Plaintiffs sustained any damages as alleged in the Amended Complaint, which is denied, any such damage was caused in whole or in part by Plaintiffs' own actions.

### THIRD AFFIRMATIVE DEFENSE

3.      The Amended Complaint is barred by the defense of truth.   Truthful statements are not barred by the contract at issue.

### FOURTH AFFIRMATIVE DEFENSE

4.      The Amended Complaint is barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5.      The Amended Complaint is barred because enforcement of the contract would be contrary to public policy.

### SIXTH AFFIRMATIVE DEFENSE

6.      The Amended Complaint is barred by Plaintiffs' own breach of contract.

### SEVENTH AFFIRMATIVE DEFENSE

7.      The Amended Complaint is barred by Plaintiffs' failure to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

8.      The Amended Complaint is barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

9.      The Amended Complaint is barred by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

10.      The Amended Complaint is barred by waiver and/or release.

Respectfully submitted,

_____/s/_____

Brian L. Schwalb (# 428551)
Seth A. Rosenthal (# 482586)
Moxila A. Upadhyaya (# 494373)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
Email: blschwalb@venable.com
       sarosenthal@venable.com
       maupadhyaya@venable.com


_____/s/_____

Angela D. Sheehan (# 420338)
Charles L. Simmons, Jr (#454883)
GORMAN & WILLIAMS
36 South Charles Street, Suite 900
Baltimore, Maryland 21201
Telephone: (410) 528-0600
Facsimile: (410) 528-0602
Email: adsheehan@gandwlaw.com
       clsimmons@gandwlaw.com

*Attorneys for Defendant Dr. Robert W. Emery*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June, 2014, I caused the foregoing to be served on

counsel for Plaintiffs via ECF:

>Geoffrey P. Gitner
>Martin & Gitner PLLC
>2121 K Street, N.W.
>Suite 850
>Washington, D.C. 20037
>Geoff.gitner@martingitnerlaw.com



>_____/s/_____
>Charles L. Simmons, Jr.