IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| DR. STEVEN A. GUTTENBERG *et al.*<br><br>Plaintiffs,<br>v.<br><br>DR. ROBERT W. EMERY,<br><br>Defendant. | Case No. 13-cv-2046<br>(Judge John D. Bates) |

PLAINTIFFS' POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION
FOR VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a)(2)

## I.   INTRODUCTION

In the last year of their practice, and following their split up, Drs. Guttenberg and Emery have had their differences, leading up to this lawsuit.  Dr. Guttenberg, however, was recently informed that Dr. Emery's wife, Katherine Borg-Emery, has recently been diagnosed with a life-threatening cancer.  Should this litigation to continue, Ms. Borg-Emery, even though dismissed from this action, would remain a central and key figure, requiring her role as a deponent and witness and would require Dr. Emery's attention as well.

In light of this critical news, Dr. Guttenberg no longer desires to pursue this litigation. He has no desire to task either Ms. Borg-Emery or Dr. Emery with litigation while the Emerys' and their family face the challenges they have lying ahead.

Dr. Guttenberg, therefore, requests that the instant litigation be voluntarily dismissed.

## II.   PROCEDURAL BACKGROUND

Dr. Guttenberg and his professional corporation filed their Complaint in the District's Superior Court on November 8, 2013, alleging that defendant Emery and his wife, Katherine

Borg-Emery had breached the non-disparagement provisions in their 2008 Settlement Agreement following the break-up of the parties' twenty year partnership. On December 24, 2013, the defendants removed the case to this Court (ECF No. 1). A week later, defendants filed a motion to dismiss, followed by the plaintiffs filing an Amended Complaint. (ECF Nos. 3, 24). Thereafter, additional briefing ensued, fleshing out previously made arguments or addressing Plaintiffs' Amended Complaint , which, as this Court found, "sav[ed] defendants' the trouble of filing a renewed motion to dismiss."[1]

The Court, on May 16, 2014, dismissed Borg-Emery as a party but denied the motion to dismiss Dr. Emery. (ECF. No. 27). An initial Rule 26 status conference was held on June 20, 2014, at which time the Court stayed further proceedings and required the parties to engage in a mediation conducted by Magistrate Kay. (ECF No. 33). The mediation, held on July 29, 2014, was unsuccessful. Following the unsuccessful mediation, the Court's pretrial scheduling order went into effect, with the following deadlines:

- Motions to amend or add parties     8/29/24
- Plaintiffs' expert report     11/14/14
- Defendant's expert report     12/5/14
- Discovery close     12/15/14
- Dispositive motions filed     1/12/15
- Oppositions     2/9/15
- Replies     3/2/15

### III.     FACTUAL BACKGROUND

Drs. Guttenberg and Emery worked together and were joint shareholders from 1988 to 2008. During that period they built one of the most profitable and prestigious oral surgery practices in the metropolitan area. In 2008, antagonisms crept into their relationship resulting in Dr. Emery leaving the practice and setting up a competitive practice also in downtown

---

[1] Mem. Op. at 2.

Washington. Guttenberg's wife and Emery's wife, who had been friends during their husbands working together, also became antagonistic following the break up. As part of the dissolution, the parties entered a settlement agreement (the "Agreement") under which each of the doctors agreed not to disparage the other. Also pertinent in the Agreement, although its terms were confidential, it expressly provided that each of the doctors' spouses would be informed of its contents, including the non-disparagement provision.

After the break up, both Guttenberg and Emery remained active in both national and the District's medical and dental societies. Both have served as President and Secretary of the District of Columbia Society of Oral and Maxillofacial Surgeons as well as the Dental Society. (See, e.g., Dr. Guttenberg's curriculum vitae, Ex. A). In fact this year, both are on the five person executive committee of the Dental Society with Emery its current President and Guttenberg its Secretary.

Since 2008, Guttenberg would occasionally hear rumors that Dr. Emery and his wife were disparaging him in personal and professional circles. With no hard proof, and even less inclination to pursue the rumors, Guttenberg sought to ignore them and turn the other cheek. In September 2013, however, Guttenberg received hard information that could no longer be ignored.

Donna Breeyear was the office coordinator of the Guttenberg – Emery practice from 1999 to 2009 when she left Guttenberg and became a dental pharmaceutical representative, covering the entire Washington metropolitan area. (Declaration of Donna Breeyear attached as Ex. B). On September 23, 2013, she made a business call on the office of Dr. Michael Chung. (*Id.* at ¶ 4). Dr. Chung knew that Breeyear had worked for Dr. Guttenberg and Dr. Chung had been a referral source to Dr. Guttenberg. During her call on Dr. Chung he told her that his dental

hygienist, Ms. Melissa Ryan, had met that day with Ms. Kathy Borg-Emery, Dr. Emery's wife, while both were waiting in a veterinarian's public reception area. (*Id.* at ¶ 5-6).

Dr. Chung and Ms. Ryan told Breeyear that while in the reception area, Ms. Ryan identified herself as a dental hygienist, at which point Borg-Emery identified herself as Dr. Emery's wife. Ms. Ryan then told her Dr. Guttenberg, Dr. Emery's former partner, had worked with Dr. Chung's practice. (*Id.*).

Ms. Borg-Emery, upon learning of the association of Ms. Ryan with Dr. Guttenberg, while still in the public waiting room, with other people being present, began a diatribe against Dr. Guttenberg, accusing him of having sexual relationships with his employees including getting "blow jobs" from his female employees, some "under his desk" and that this had gone on for years. Ms. Borg-Emery also proceeded to tell Ms. Ryan that Dr. Guttenberg had had many extramarital sexual affairs and for years had been unfaithful to his wife. (*Id.* at 5-8). Following her visit with Dr. Chung and Ms. Ryan, Breeyear called Dr. Guttenberg and relayed what she heard.

In order to deter future incidents, Dr. Guttenberg filed his complaint in the Superior Court, later removed to this Court.

As stated above, both Emery and Guttenberg are officers of the Dental Society, as well as being on its Executive Committee. A meeting of the Executive Committee was held on the evening of June 30, 2014. Despite holding the President position, Emery did not attend. At that time the Executive Committee members were informed that Dr. Emery's wife had very recently been diagnosed with stage IV colon cancer, meaning it was wide-spread with an extremely low survival rate. That night, in light of this grave news, Guttenberg called his counsel and informed

4

him to end the case against the Emerys. This motion follows several informal, but unsuccessful, attempts to obtain a dismissal.

## IV.   ARGUMENT

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of an action. Fed.R.Civ.P. 41(a)(1). Under Rule 41(a)(1), a plaintiff may dismiss a civil action without an order of the court by filing a notice of dismissal before the adverse party files an answer or motion for summary judgment, or by filing a stipulation of dismissal signed by all parties. *Id.*; *Swift v. United States,* 318 F.3d 250, 252 (D.C.Cir.2003). Otherwise, under Rule 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2); *Taragan v. Eli Lilly & Co., Inc.*, 838 F.2d 1337, 1339 (D.C.Cir.1988).

Dismissals under Rule 41(a)(2) "generally [are] granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Busby v. Capital One*, 841 F.Supp.2d 49, 55 (D.D.C. 2011) *citing Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C.Cir.1986). "A court applying Rule 41(a)(2) therefore must consider whether the plaintiff seeks the motion for voluntary dismissal in good faith, and whether the dismissal would cause the defendant 'legal prejudice' based on factors such as the defendant's trial preparation efforts, any excessive delay or lack of diligence by the plaintiff in prosecuting the action, an insufficient explanation by the plaintiff for taking nonsuit, and the filing of motions for summary judgment by the defendant. *Id. citing In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C.2000).

**B.    The Court Should Grant the Plaintiffs' Motion to Voluntarily Dismiss Their Complaint Under Rule 41(a)**

Dr. Guttenberg seeks voluntary dismissal of his claim without prejudice, as doing so would not cause the defendants any legal harm. The plaintiffs' motion was filed in good faith. Under the circumstances, Dr. Guttenberg feels morally bound to dismiss his suit. He has no desire to cause either his former partner or his wife to deal with litigation between them under the circumstances.

His motion is filed as a timely and good faith reaction to an unforeseen event that implicates moral as well as legal implications. Accordingly, Dr. Guttenberg requests that the Court grant the plaintiffs' motion to dismiss this case.

## REQUEST FOR A HEARING

In the event the Defendant objects to this motion, the plaintiffs request an oral hearing.

DATED:  August 13, 2014               Respectfully submitted,

**MARTIN & GITNER PLLC**

[s] Geoffrey P. Gitner
Geoffrey P. Gitner (D.C. Bar No. 176479)
William R. Martin    (D.C. Bar No. 465531)
Kerry Brainard Verdi  (D.C. Bar No. 478486)
2121 K Street, N.W., Suite 850
Washington, D.C. 20037
Ph: (202) 331-2121
Geoff.gitner@martingitnerlaw.com

*Counsel to the Plaintiffs*